IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **BRADFORD G. BROWN,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Criminal Action No.** |
| | : | **3:02-CR-14 (HL)** |
| **UNITED STATES OF AMERICA.** | : | |
| | : | |
| | : | |
| | : | |
| | : | |

## ORDER

Before the Court is a Report and Recommendation (Doc. 85) from United States Magistrate Judge G. Mallon Faircloth that recommends denying Petitioner's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Petitioner has subsequently filed an objection (Doc. 86).  Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Petitioner's objection and has made a de novo determination of the portion of the recommendation to which Petitioner objects.  For the reasons stated below, the recommendation is accepted and Petitioner's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is denied.

## I. FACTS

On May 2, 2002, a grand jury returned a three count indictment charging Petitioner with (1) tax evasion for the calendar year 1993, (2) tax evasion for the calendar year 1994,

and (3) tax evasion for the calendar year 1995. Prior to trial, the Court granted the Government's oral Motion to Dismiss Count One; however, Petitioner proceeded to trial on Counts Two and Three. On March 13, 2003, Petitioner was convicted on the two remaining counts. Petitioner was sentenced on May 29, 2003 to a term of imprisonment of forty-one months for Count Two and a concurrent term of imprisonment of forty-one months for Count Three. Petitioner was also ordered to pay restitution and a fine. Petitioner pursued a timely direct appeal to the United States Court of Appeals for the Eleventh Circuit; however, the Eleventh Circuit affirmed Petitioner's convictions and sentence.

Petitioner then filed the habeas corpus petition currently before the Court on May 19, 2005 asserting six different claims for relief: (1) a procedural due process claim based on an alleged Brady violation;[1] (2) an ineffective assistance of counsel claim regarding Petitioner's trial counsel for failing to respond to the alleged Brady violation; (3) an ineffective assistance of counsel claim regarding Petitioner's appellate counsel for failing to raise the alleged Brady violation on appeal; (4) a Fifth and Sixth Amendment claim based on an allegedly insufficient indictment; (5) a Sixth Amendment claim based on the alleged improper premature deliberations of the jury; and, (6) an ineffective assistance of counsel claim regarding both Petitioner's trial and appellate counsel for failing to respond to the alleged

---

[1]

    In Brady v. Maryland, 373 U.S. 83, 87, 83 S. Ct. 1194, 1197-98 (1963), the Supreme Court of the United States held that the suppression of evidence favorable to a defendant by the prosecution upon request violates due process. Violations of the Court's holding in Brady are generally referred to as Brady violations.

2

improper premature deliberations of the jury.

The matter was referred to Magistrate Judge Faircloth and he submitted his Report and Recommendation on November 10, 2005. The Magistrate Judge recommended that all of Petitioner's claims be denied.[2] Petitioner subsequently filed objections to the Magistrate Judge's Report and Recommendation arguing that the Magistrate Judge had reached an incorrect result as to Petitioner's first three claims. As Petitioner failed to raise objections to his fourth, fifth and sixth claims, the Court, pursuant to 28 U.S.C. § 636(b)(1), will not address those claims here.

**II. ANALYSIS**

A. Brady Violation

As an initial consideration, the Court notes that Petitioner did not raise this issue on direct appeal. As such, Petitioner is barred from raising this claim now on collateral attack unless Petitioner can show cause for his failure to raise the issue and actual prejudice resulting from the error. Cross v. United States, 893 F.2d 1287, 1289 (11th Cir. 1990). Normally, a petitioner is required to make this showing before a court will address the merits of the issue in question; however, here the components necessary to allege a Brady violation already include a "cause" and "prejudice" requirement. See Banks v. Dretke, 540 U.S. 668, 691 124 S. Ct. 1256, 1272 (2004).  Therefore, if Petitioner can succeed in establishing a

---

[2]

As the Magistrate Judge thoroughly explained his reasoning in his Report and Recommendation already filed in the case, the Court will not repeat his reasoning here.

3

Brady violation, Petitioner will also automatically establish the "cause" and "prejudice" requirements necessary for overcoming the failure to assert this claim on direct appeal. Id. Accordingly, the Court will proceed with a discussion of the elements necessary to establish a Brady violation.

"In order to establish a Brady violation, a defendant must prove: (1) that the government possessed evidence favorable to the defense, (2) that the defendant did not possess the evidence and could not obtain it with any reasonable diligence, (3) that the prosecution suppressed the evidence, and (4) that a reasonable probability exists that the outcome of the proceeding would have been different had the evidence been disclosed to the defense."[3] United States v. Schier, 438 F.3d 1104, 1106 n. 1 (2006) (citing Moon v. Head,

---

[3]

Petitioner argues that it is not necessary to show that he did not possess the evidence and could not have obtained the evidence with any reasonable diligence in order to establish a Brady violation. In his Report and Recommendation Magistrate Judge Faircloth cited United States v. Meros, 866 F.2d 1304, 1308 (11th Cir. 1989), as authority for the four part test utilized by the Eleventh Circuit for establishing a Brady violation. One component of the test explained in Meros is that a defendant must show that he did not possess the evidence and could not have obtained the evidence through reasonable diligence. Petitioner contends that the United States Supreme Court, one year later, in Strickler v. Greene, 527 U.S. 263, 119 S.Ct. 1936 (1999) "narrowed the criteria" for establishing a Brady violation. See Id. at 281-82, 119 S. Ct. at 1948 ("There are three components of a true Brady violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.). Petitioner accordingly argues that the standard set forth in Strickler, rather than the standard set forth in Meros, is applicable.

Although the Strickler Court did not include a showing that the defendant did not possess the evidence or could not have obtained the evidence with reasonable diligence as a necessary element in establishing a general Brady violation, the Strickler decision does not invalidate the long standing precedent in the Eleventh Circuit that the prosecution is not

285 F.3d 1301, 1308 (11th Cir. 2002)).

Further, <u>Brady</u> requires only that the prosecution disclose evidence; <u>Brady</u> does not require the prosecution to identify possible theories of defense or assist in the presentation of the defense's case. <u>See</u> <u>United States v. Marrero</u>, 904 F.2d 251, 261 (5th Cir. 1990)("[<u>Brady</u>] does not place any burden upon the Government to conduct a defendant's investigation or assist in the presentation of the defense's case."), <u>United States v. Fountain</u>, 83 F.3d 946, 949 (8th Cir. 1996) ( holding the Government has no duty to highlight inconsistencies between witness statements). Finally, "neither mere speculation that the

---

required under <u>Brady</u> to provide a defendant with evidence the defendant already possesses or could obtain through reasonable diligence. Contrary to Petitioner's assertion, the <u>Strickler</u> decision did not narrow the criteria for establishing a <u>Brady</u> violation; the Supreme Court of the United States has consistently employed the same basic test in analyzing potential <u>Brady</u> violations. <u>Compare</u> <u>Brady</u>, 373 U.S. at 87, 83 S. Ct. at 1197-98 (holding suppression of evidence favorable to the accused amounts to a denial of due process), <u>with</u> <u>Strickler</u>, 527 U.S. 263, 119 S. Ct. at 1948 (holding when evidence favorable to the accused and suppressed by the state causes prejudice a violation of due process occurs). Further, in <u>Strickler</u> the Court neither reviewed the Eleventh Circuit's test nor addressed whether a defendant could establish a <u>Brady</u> violation by alleging that the prosecution failed to provide evidence he or she already possessed. <u>See generally Strickler</u>, 527 U.S. 263, 119 S. Ct. at 1948

Moreover, numerous United State Courts of Appeals have consistently held that because the purpose of <u>Brady</u> is to assure access to evidence known to the government yet unknown to the defendant, that there can be no <u>Brady</u> violation when a defendant already has the alleged exculpatory evidence or could obtain said evidence through the exercise of reasonable diligence. <u>United States v. Bender</u>, 304 F.3d 161, 164 (1st Cir. 2002), <u>cert. denied</u>, 537 U.S. 1167, 123 S.Ct. 980 (2003), <u>United States v. Runyan</u>, 290 F.3d 223, 245-46 (5th Cir. 2002 ), <u>cert. denied</u>, 537 U.S. 888, 123 S.Ct. 137 (2002), <u>Coe v. Bell</u>, 161 F.3d 320, 344 (6th Cir. 1998), <u>cert. denied</u>, 528 U.S. 842, 120 S.Ct. 110 (1999), <u>Felker v. Thomas</u>, 52 F.3d 907, 910 (11th Cir. 1995), <u>cert. denied</u>, 516 U.S. 1133, 116 S.Ct. 956 (1996). Despite having numerous occasions to address the issue, the Supreme Court has yet to do so. <u>Id.</u> Therefore, this Court is bound by Eleventh Circuit precedent and will proceed accordingly.

prosecution might possess information helpful to the defense nor base assertions, without more, of the presence of exculpatory information in the prosecution's files would be sufficient to warrant a <u>Brady</u> determination."  25 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 616.06[2] (3d ed. 1997).

Here, Petitioner has alleged that certain source documents utilized by Internal Revenue Agent Neal, who was assigned to Petitioner's criminal file, in computing Petitioner's tax liability were not turned over to the defense in violation of <u>Brady</u>. Subsequent to Petitioner's trial, conviction, and sentence, the Internal Revenue Service assigned another agent, Agent Kohler, to arrange for the civil settlement of Petitioner's tax liability. According to Petitioner,  there are several inconsistencies between the returns prepared by Agent Neal and Agent Kohler.  Petitioner argues that had he been provided with all the source documents used by Agent Neal prior to trial he would have been able to hire an expert to combat Agent Neal's allegedly erroneous findings. Although it is difficult to determine exactly which source documents Petitioner is claiming he was not provided, it is clear that the documents are deposit slips, checks, and receipts that presumably correspond to the inconsistencies between Agent Neal's report and Agent Kohler's report.

Assuming that Petitioner can establish that the allegedly withheld source documents contained evidence favorable to the defense and that had the evidence been provided, the outcome of the proceeding would have been different, Petitioner has not established that he did not already possess, or that he would have been unable to procure through reasonable

diligence, the source documents allegedly withheld by the prosecution or that the allegedly withheld source documents were in fact suppressed by the government.

First, Petitioner has not shown that he did not already possess, or that he would have been unable to procure through reasonable diligence, the source documents allegedly withheld by the prosecution. In fact, Petitioner admits that many of the source documents were in his possession and that the remaining documents were within the control of financial institutions with which Petitioner conducted business. Therefore, according to Petitioner's own admission, the documents allegedly withheld by the prosecution were either already in his possession or could have been easily gathered from the banks with which Petitioner conducted business.  Accordingly, Petitioner has not established that he did not posses, or could not have obtained through reasonable diligence, the source documents allegedly withheld by the Government and therefore cannot establish a Brady violation.

Second, Petitioner has not established that the prosecution suppressed the source documents in question. The Government asserts that Petitioner's attorney was provided with numerous opportunities to examine its entire case file prior to trial. Further, when Petitioner's attorney could not arrange for a mutually agreeable time and date on which to copy the file, Petitioner was provided with copies of the entire file by the government. Petitioner does not dispute that his attorney was presented with both the opportunity to examine the file or that the government provided Petitioner with copies of its file. In fact, Petitioner never even asserts, much less provides evidence to support, that the copies of the prosecution's file

provided to his attorney did not contain the very source documents which Petitioner now alleges were suppressed.

In contrast, Petitioner argues that whether or not the Government provided defense counsel with an opportunity to view and eventually copies of its entire file is irrelevant, because Petitioner was never provided with a precise list of the material used by Agent Neal in computing Petitioner's tax liability. However, Petitioner provides no authority for his assertion that <u>Brady</u> requires the prosecution to not only provide a defendant with access to exculpatory evidence but also aid the defense in developing possible theories of defense.

As discussed above, <u>Brady</u> does not require the prosecution to assist in presenting the defense's case, disclose possible theories of defense, or highlight inconsistencies between witness statements. <u>Brady</u> simply requires the prosecution to provide a defendant with access to evidence that may be helpful to his or her defense. Further, there is "no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case." <u>Moore v. Illinois</u>, 408 U.S. 786, 795, 92 S. Ct. 2562, 2568 (1972). Therefore, after providing Petitioner the source documents used by Agent Neal in computing Petitioner's tax liability, the prosecution was under no further obligation to sift through the documents already provided to the defense and identify which documents might be particularly relevant to Petitioner's defense.

As Petitioner has not established that he did not already possess, or that he would have been unable to procure through reasonable diligence, the source documents allegedly

withheld by the prosecution or that the allegedly withheld source documents were in fact suppressed by the government, Petitioner has failed to meet his burden. Therefore, Petitioner's claim alleging a violation of the principals set fourth in <u>Brady</u> is denied.

B. Ineffective Assistance of Counsel

In <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984), the United States Supreme Court set forth a two-part test to evaluate ineffective assistance of counsel claims.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

<u>Id.</u>

Petitioner argues that his trial and appellate counsel were ineffective for failing to object to the government's alleged failure to provide Agent Neal's source documents to the defense. Yet,  Petitioner has failed to establish that the documents were withheld, that he did not already possess the documents, or that a <u>Brady</u> violation occurred. Therefore, the Court cannot conclude that Petitioner's trial or appellate counsel were ineffective for failing to object to an alleged <u>Brady</u> violation which Petitioner cannot establish actually occurred.

Petitioner also now argues that assuming the government actually provided the allegedly withheld source documents to the defense, his trial and appellate counsel were

ineffective for failing to incorporate the documents into the defense. Although Petitioner asserts that his various counsel were ineffective when they failed to utilize the allegedly withheld source documents, Petitioner has offered little evidence or legal argument to back up his claim. Petitioner has failed to identify the exact documents he believes his counsel should have utilized or the exculpatory nature of those documents. Petitioner has also failed to demonstrate why the use of those specific documents would have had an impact on the outcome of the trial. Accordingly, Petitioner has not established either that his counsels' performances were deficient for failing to utilize certain source documents or that the allegedly deficient performances prejudiced the defense.

## III. CONCLUSION

In conclusion, the Court accepts the Magistrate Judge's Report and Recommendation and thereby denies Petitioner's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**SO ORDERED**, this the 5th day of June , 2006.


**/s/ Hugh Lawson**
**HUGH LAWSON, Judge**

scs