IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| BRADFORD G. BROWN, | * | |
| Petitioner, | * | CASE NO. 3:05-CV-38 (HL) |
| | | 28 U.S.C. § 2255 |
| VS. | * | CASE NO. 3:02-CR-14 (HL) |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## ORDER DENYING COA

Petitioner Brown filed a Notice of Appeal (Document- 97) from the Judgment of this court denying his Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. (Documents- 95, 96). His Notice of Appeal failed to raise any specific issue or issues he wished to have reviewed, nor did he file an Application For Certificate of Appealability specifying issues for review. However, "If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Fed.R.App.P. 22(b). Therefore, a Notice of Appeal must be treated as if accompanied by an Application for Certificate of Appeal by the District Court.

Petitioner Brown raised six issues in his Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 to all of which the Magistrate Judge recommended denial. (Document-85). Petitioner filed objections, however, to only the recommendations as to his Grounds One, Two, and Three. In making a decision as to whether to grant a COA,

the court should "conduct a threshold inquiry consisting of an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell,* 537 U.S. 322, 327, 123 S.Ct. 1029 (2003). To obtain a COA, the Applicant must make " a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, he must demonstrate that "jurists of reason could disagree with the district court's resolution or his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 327.

Petitioner Brown first contented that he suffered a procedural due process violation as the result of an alleged *Brady (v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1197-98 (1963)) violation. As demonstrated fully in this court's Order denying Petitioner's § 2255 Motion, Petitioner Brown failed to meet the well-settled standards set out in *Stickler v. Greene,* 527 U.S. 263, 119 S.Ct. 1936 (1999), *United States v. Meros,* 866 F.2d 1304, 1308 (11th Cir. 1989), and the decisions of other Circuit Courts cited. Petitioner Brown failed to establish that he did not already possess, or that he could have readily procured through reasonable diligence the source documents allegedly withheld by the Government, or that such documents were in fact suppressed by the Government. Having failed to meet his burden in this well-settled area of law, Petitioner is not entitled to a COA on his *Brady* claim.

For the same reason, Petitioner's claim of ineffective assistance of counsel for failure to object to the Government's alleged *Brady* violation, fails for Petitioner's failure to demonstrate that there was any viable issue as to a *Brady* violation.

Petitioner's only remaining argument is that assuming that the Government had

produced the allegedly withheld source documents, Petitioner's trial and appellate counsel would have been ineffective for not incorporating the documents into a defense for him. The circuity of this argument is obvious and of no merit in consideration of Petitioner's failure to make a prima facie showing that there ever was a *Brady* violation at all.

    Petitioner Brown has made no substantial showing of the denial of a constitutional right/due process violation that is not well-settled contrary to his contentions by pre-existing law.  *Miller-El v. Cockrell,* 537 U.S. 322, 327, 123 S.Ct. 1029 (2003).

    WHEREFORE, Petitioner Brown's Application For Certificate of Appealability is DENIED.    **SO ORDERED,** this 27th day of June 2006.

    **s/    Hugh Lawson**
    **HUGH LAWSON**
    **UNITED STATES DISTRICT JUDGE**