**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

BRADFORD G. BROWN,            *

       Petitioner,          *

                                  CASE NO. 3:05-CV-38 CAR

vs.                        *               Rule 60(b) Motion
                                  CASE NO. 3:02-CR-14 CAR

UNITED STATES OF AMERICA,   *

       Respondent.         *

## REPORT AND RECOMMENDATION

On May 2, 2002, an indictment was returned in this court against Petitioner Bradford G. Brown charging him with Tax Evasion for calendar year 1993 (Count I), Tax Evasion for calendar year 1994 (Count II), and Tax Evasion for calendar year 1995 (Count III). (R-1). On March 10, 2003, before Petitioner's trial began, the District Court granted the Government's oral motion to dismiss Count One as beyond the statute of limitations. (R-82). Petitioner Brown proceeded to trial and was convicted by a jury on Counts II and III on March 13, 2003. (R-37). On May 29, 2003, Petitioner received concurrent sentences of 41 months imprisonment for Counts II and III, which included substantial fines and restitution. (R-52).

Petitioner appealed to the United States Court of Appeals for the Eleventh Circuit on June 4, 2003. (R-57). On May 19, 2005, the United States Court of Appeals for the Eleventh Circuit affirmed Brown's conviction and sentence. (R-78). On the same day, Petitioner Brown filed a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. The Government filed an Answer in Opposition to Petitioner's Motion to Vacate, and Petitioner Brown filed a Reply. After full consideration of the entire record, Petitioner's § 2255 Motion was denied on June 5, 2006. (R-95). Upon Petitioner Brown's application to appeal the District Court's ruling

on his § 2255 Motion, the United States Court of Appeals for the Eleventh Circuit found that Brown had failed to make a substantial showing of the denial of a constitutional right and denied a Certificate of Appealibility. (R-118).  After several Motions for Reconsideration, the District Court denied the same and filed an Amended Judgment reinstating Petitioner's sentence upon the same terms and conditions as the original sentence. (R-136).  Petitioner Brown filed an appeal of the Amended Judgment. (R-137).  The  United States Court of Appeals for the Eleventh Circuit found that "independent examination of the entire record reveals no arguable issues of merit," and affirmed the District Court's Amended Judgment. (R-154).  On October 12, 2007, Brown filed his Motion For Relief From Judgment Under Fed.R.Civ.P. 60(b) Pursuant To Fraud Upon The Court which is the motion presently before the court for determination.  (R-151).

### The Authorized Use of Rule 60(b),

In *Boone v. Sec'y, Dept. Of Corr.,* 377 F.3d 1315, 1316, 1317 (11th Cir. 2004), the court observed that:

> Pursuant to this Court's en banc decision in *Gonzalez v. Sec'y of Corr.,* the law surrounding Rule 60(b) motions has now been clarified. 366 F.3d 1253 (11th Cir. 2004). . . .
> Sitting en banc our Court found that the Supreme Court's recent decision in *Calderon*[1] clarified the viability, post-AEDPA, of Rule 60(b) motions in the context of federal habeas petitions.  We held that the district courts do not have the jurisdiction to consider Rule 60(b) motions to consider the denial of a habeas  petition unless the motion is a 60(b)(3) motion, that is, one made to prevent fraud upon the court.[2]  We reasoned that, "because a petitioner's attempt to reopen

---

[1]*Calderon v. Thompson,* 523 U.S. 538, 118 S.CT. 1489 (1998).

[2]" 'Fraud upon the court' . . . embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Travelers Indem. Co. v. Gore,* 761 F.2d 1549, 1551 (11th Cir. 1985). *See Zakrzewski v. McDonough,* 490

2

> a final habeas judgment pursuant to Rule 60(b) is to be treated as an
> application to file a second or successive petition, it ordinarily should
> be dismissed by the district court pursuant to § 2244(b)(4)."

The Court went on to say that if the Rule 60(b) motion is not designed to prevent a fraud

upon the court, but rather to re-open a defendant's habeas judgment, the court lacks subject matter

jurisdiction over the motion. *Id.* at 1317.   The Court ruled earlier in *Gonzalez v. Sec'y of Dept. Of*

*Corr.,* 366 F.3d 1253, 1277 (11th Cir. 2004) that:

> [I]f the grounds of relief stated in the Rule 60(b) motion satisfy the
> stringent requirements of § 2244(b)(1) & (2), the petitioner should
> put those grounds in a habeas petition and move under §
> 2244(b)(3)(A) for an order from the court of appeals authorizing the
> district court to consider it.  The point of the rule we announce today
> is that the petitioner may not get around the statutory restrictions on
> second and successive petitions by filing a Rule 60(b) motion, unless
> the grounds of the motion fit within one of the two statutory
> exceptions.

In *Gonzalez v. Crosby,* 545 U.S. 524, 125 S.Ct. 2641 (2005), the Unitied States Supreme

Court ruled that pleadings labeled as Rule 60(b) motions that are in substance successive habeas

petitions "should be treated accordingly," and that using Rule 60(b) to present new claims for relief

from judgment circumvents statutory requirements "that a new claim be dismissed unless it relies on

either a new rule of constitutional law or newly discovered facts." *Id.* at 2647.

The *Gonzalez* Court held that if a Rule 60(b) motion contains one or more "claims," the

motion is, if not in substance a "habeas corpus application," at least similar enough that failing to

subject it to AEDPA's restrictions on successive habeas petitions would be "inconsistent with" the

statute.  A Rule 60(b) motion can be said to bring a "claim" if it seeks to add a new ground for relief

---

F.3d 1264, 1267 (11th Cir. 2007).

from the defendant's conviction or attacks the federal court's previous resolution of a claim on the merits.

Inasmuch as Brown's Rule 60(b) motion continues to raise substantive claims other than fraud on the court, it is subject to dismissal as a second and successive Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255, and is unauthorized. "Federal prisoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion." *In re Joshua,* 224 F.3d 1281 (11th Cir. 2000).

### Petitioner's Claim of Fraud on the Court

Petitioner Brown submits in his Rule 60(b) Motion For Relief From Judgment (for) Fraud Upon The Court (Doc. 151) that, on March 30, 2004, a year after his conviction, he received from IRS agent James Kohler " $186, 945.00 of nontaxable deposit items for 1994 that had been treated as taxable during indictment, trial and sentencing." Brown references his attached Exhibit A as the "Kholer report of June 29, 2004." Petitioner's Exhibit A does not readily identify the alleged "$186, 945.00 of nontaxable deposit items for 1994," however. Petitioner has also attached an Exhibit B to his Motion which preports to be an amended 1994 tax return "reflecting zero tax liability with more than $64,000.00 of negative income available to reduce the taxable income of 1995," and the affidavit of retired CPA Edisel Collier. Exhibit B includes a copy of a 1040X Amended U.S. Individual Income Tax Return for calendar year 1994, signed by CPA Collier on January 19, 2005, and signed by Petitioner Brown on January 22, 2005, showing refund due in the amount of $64, 640.00, and indicating application of that amount to 1995 estimated tax. CPA Collier's Affidavit included provides that prior to his retirement he was a practicing accountant for 26 years, and that,

"At Dr. Brown's request, I evaluated selected information included in his 1994 taxes as determined by an IRS audit of his personal and business activity.  My evaluation of those selected items led me to the determination that some of the receipts had been included in more than one tax form affecting his tax liability."   Mr. Collier summarizes his unauthenticated determinations and itemization attachments to the Amended 1994 Tax Return, and concludes as follows:

> The result of the revisions was a finding that Dr. Brown's Federal tax liability for the year 1994 was $0.  It is my belief that the IRS Examiner would agree to these conclusions upon review of these specific items.  It is my suggestion that, had this evaluation been made prior to trial, the Defendant would not have been found guilty of income tax evasion for the year 1994.

(Doc. 151 at Exhibit B Affidavit).   Except for the indication that a $64, 640.00 refund due from the 1994 Amended Tax Return was to be applied to estimated taxes for 1995, Petitioner's conviction for income tax evasion for the year 1995, Count III, is not addressed.

Petitioner Brown's claim of fraud upon the court is set out in ¶¶ 5 -11 of his Motion, wherein Petitioner alleges that he wrote his retained counsel informing him of his Amended 1994 Tax Return showing a zero tax liability filed in February 2005, to which said attorney responded on February 10, 2005, refusing to include the Amended 1994 Tax Return as a ground for relief in Petitioner's § 2255 Motion. At ¶¶ 10 and 11 of Petitioner's present Motion For Relief From Judgment Pursuant to Rule 60(b), he asserts:

> By refusing to inform the Court that Defendant's 1994 tax liability was zero (as a ground for relief), Attorney Yurachek knowingly engaged in a material misrepresentation that deprived the Court of essential information allowing the Court to render a ruling that was inconsistent with  established  case  law  in  the  Eleventh  Circuit,

> *Edwards.*[3] **....** By refusing to inform the Court that Defendant's 1994
> tax liability was zero (as a ground for relief), Attorney Yurachek
> committed Fraud upon the Court.

*Id.*   Petitioner Brown attached to his Rule 60(b) Motion a series of letters exchanged between

himself and Attorney Yurachek as his Exhibit C, which reflects counsel's position in regard to

Petitioner's proffered 1994 Amended Tax Return.  In a letter to Petitioner dated February 10, 2005,

Attorney Yurachek stated:

> We are unwilling to incorporate the litany of issues which you have
> offered which hold fast to irrelevant and unprovable matters, such as
> your asserted lack of taxable income in 1994, Barbara's knowledge of
> BDC, the Government's attempted impeachment of Barbara and the
> allegation that the Government *intentionally* concealed the source
> document materials from you.   .... If you prefer to disregard our
> advice and pursue the issues listed in your brief, please provide us
> with a handwritten letter with your signature, postmarked from
> Montgomery, Alabama, stating as such.  You may then submit your
> brief *pro se* in any form you like, as we cannot submit such arguments
> to a Court in good faith.

(Doc. 151-4).  Notwithstanding the reservations expressed in his letter, Attorney Yurachek filed on

May 19, 2005, attached to his Brief in Support of Defendant's Motion To Vacate, Set Aside, or

Correct Sentence pursuant to 28 U.S.C. § 2255, CPA Collier's Affidavit and a copy of his Amended

1994 Tax Return for Petitioner Brown. (Doc. 79 Ex.1 and 1A).  Moreover, he argued in his brief at

pages 8 and 9 that:

> The findings [of the IRS] assigned considerably more liability to
> Defendant's accounts than did those of [Brown's Accountant] Smith,

---

[3]

    Citing *United States v. Edwards,* 777 F.2d 644, 650 (11th Cir. 1985), Petitioner Brown states his oft repeated
assertion that "Tax evasion is not possible, in the face of zero tax liability."  That language is not found in *Edwards.*
*Edwards* does note in discussion, however, that "The essential elements that must be established to prove a violation
of [26 U. S. C.] § 7201 are willfulness, the existence of a tax deficiency, and an affirmative act constituting an evasion
or attempted evasion of the tax. *Sansone v. United States,* 380 U.S. 343, 351, 85 S.Ct. 1004, 1010 (1965)."  The
*Edwards* holding was: "We find that concealing income ...is a willful commission as required by § 7201." *Id.*

who prepared returns for Defendant in 1994 and 1995 which were never filed. (T.III:29). Subsequently, in support of the present motion, Edisel M. Collier, a certified public accountant in the State of Georgia for 26 years, evaluated certain information gleaned from those documents and concluded that Agent Neal had "double counted," or assigned as income to one of the businesses and Dr. Brown personally, a substantial amount of income for the year 1994. *See* Ex. 1.   In fact, by removing the double counted items from Dr. Brown's personal income, Mr. Collier concluded that Dr. Brown's tax liability for 1994 was $0.  *Id.*

Returning to the Amended 1994 Tax Return proposition at pages 20 and 22 of his brief,

Attorney Yurachek argued:

> In fact, Collier's conclusion was that Defendant had $0 in tax liability for 1994, which would mean that he is not guilty of the crime of tax evasion or, at a minimum, should not have been sentenced to as great a prison term because his relevant conduct was calculated too high.
> ....
> Again, Collier's affidavit shows that this resulted in a substantially increased tax liability, at least for the year 1994, because Defendant was entitled to certain deductions, which, along with the double counted income, would properly place his tax liability at zero for 1994.

The record indicates clearly that Attorney Yurachek placed the proposition of the zero tax liability for 1994 from CPA Collier's Affidavit and Amended 1994 Tax Return squarely before the court for consideration in Petitioner's § 2255 Motion.   Wherein lies *the fraud upon the court*? Petitioner Brown's term of art condition, "as a Ground for relief," is of no consequence.   The proposition was before the court for whatever weight and credit the court might find it merited,  and it was placed there by Attorney Yuracheck.

The  Eleventh Circuit Court of Appeals very recently further considered the requirements, or lack thereof, for a finding of fraud on the court in  *Stoecklin v. United States,* 285 Fed. Appx. 737, 738 (11th Cir. 2008), and observed that:

> "Only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1338 (5th Cir. 1978).[4] "Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court. *Id.* Thus, "it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Id.*

By this authority, even if Attorney Yurachek had maintained his original reservation and totally withheld the Amended 1994 Tax Return and Collier's Affidavit from the court, that *nondisclosure* would not have risen to the level of fraud on the court. There cannot have been a fraud upon the court by either of the choices Attorney Yurachek might have made. Petitioner Brown cannot support his claim of *fraud upon the court,* the only avenue available to him under Federal Rule 60(b) of the Federal Rules of Civil Procedure. The Supreme Court noted in *Gonzalez,* 545 U.S. at 533, 125 S.Ct. at 2648, n. 5, that, "[A]n attack based on the movant's own conduct, or his habeas counsel's omissions ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably."

All of Brown's claims and arguments, including his faulty claim of fraud on the court, attempt to gain him a new trial as is evident from his Motion For Relief From Judgment (Doc. 151) and his Reply (Doc. 201). This court has had jurisdiction only to consider Brown's claim of *fraud on the court* pursuant to Rule 60(b). Having found that claim to be without merit, the court must recognize the limitation of its jurisdiction and that Petitioner Brown has failed to invoke its jurisdiction at this point in this case. For that reason his Motion for Injunctive Relief (Doc. 198) as to his criminal

---

[4]The Eleventh Circuit, sitting en banc in *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

adjudication and his Motion for Disclosure (Doc. 199) amount to claims involving challenges to his conviction and sentence that can be brought only in a second or successive Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  This court is without jurisdiction to entertain such without authorization from the  United States Court of Appeals for the Eleventh Circuit.  28 U. S. C. § 2244(b).

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Brown's Rule 60(b) Motion be DENIED as failing to state a claim upon which this court may grant relief.   Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 9th day of January 2009.

**S/ G. MALLON FAIRCLOTH**
**UNITED STATES MAGISTRATE JUDGE**